**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA
**25CV00960**
JOHN E. NIEDRACH
JUN 20, 2025 10:41 AM

Mary Hardin Thornton, Clerk
Floyd County, Georgia

IN THE SUPERIOR COURT OF FLOYD COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STEVE RANGEL, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>HARBIN CLINIC, LLC,<br><br>*Defendant and Third-Party Plaintiff*,<br><br>v.<br><br>NATIONWIDE RECOVERY SERVICE, INC.<br><br>*Third-Party Defendant*. | Case No. 25CV00960<br><br>**JURY TRIAL DEMANDED** |

### HARBIN CLINIC, LLC'S THIRD-PARTY COMPLAINT

Defendant and Third-Party Plaintiff Harbin Clinic, LLC files this Third-Party Complaint against Third-Party Defendant Nationwide Recovery Service, Inc., seeking recovery of any and all liabilities, costs, expenses, or damages incurred as a result of Plaintiff's claims against Harbin Clinic, LLC arising out of the data breach that occurred in July 2024.

### Parties and Jurisdiction

1. Defendant and Third-Party Plaintiff Harbin Clinic, LLC ("**Harbin Clinic**") is a Georgia limited liability company with its principal place of business in Rome, Georgia.

2. Third-Party Defendant Nationwide Recovery Service, Inc. ("**NRS**") is a Tennessee corporation with its principal place of business at 545 Inman Street West, Cleveland, Tennessee. Its registered agent in Tennessee is Cogency Global, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205. NRS's registered agent in Georgia is Joseph Delgado Jr., Esq., 3414 Peachtree Road NE, Suite 1500, Atlanta, GA 30326.

3. This Court has personal jurisdiction over NRS because NRS consented to personal jurisdiction by registering to do business in Georgia and contractually submitting to the jurisdiction of Georgia courts. The Court also has personal jurisdiction over NRS because NRS has sufficient minimum contacts in Georgia, NRS has purposefully availed itself of the laws, rights, and benefits of the State of Georgia, and NRS's contacts with the forum give rise to, or are related to, Plaintiff's and Harbin Clinic's claims.

4. Venue is proper in this Court under O.C.G.A. § 9-10-34(b) in that the claims against Harbin Clinic for which NRS may be liable are pending here.

## Factual Background

### A. The Collection Agreement

5. Harbin Clinic is a physician-directed medical group in Georgia that offers a wide range of healthcare services.

6. On or around August 2, 2011, Harbin Clinic and NRS entered into an agreement ("**Collection Agreement**") under which NRS agreed to provide debt collection services for delinquent accounts of individuals treated at Harbin Clinic, as well as services related to bankruptcies, lawsuits, and patient estate matters.

7. The Collection Agreement provides that NRS will indemnify and hold harmless Harbin Clinic for any and all claims, liabilities, costs, expenses, or damages (including reasonable attorneys' fees) arising out of or relating to NRS's violation of the Collection Agreement and/or NRS's violation of any law or regulation relating to NRS's performance of the Collection Agreement.

8. The Collection Agreement is governed by Georgia law, and the parties submitted to jurisdiction in Georgia as a term of that agreement.

**B.     The Business Associate Agreement**

9. During all relevant time periods, Harbin Clinic and NRS were parties to a Business Associate Agreement in which NRS agreed to safeguard and prevent unauthorized use or disclosure of the protected health information ("**PHI**") of Harbin Clinic's patients and comply with certain laws, regulations, standards, and other requirements concerning the PHI of Harbin Clinic patients.

10. The first Business Associate Agreement was entered into by the parties on July 5, 2011.

11. The latest Business Associate Agreement ("**BAA**") was entered into by the parties on September 26, 2016.

12. The BAA requires NRS to promptly report to Harbin Clinic any security incident involving electronic PHI of which NRS becomes aware. The BAA further states that, in the event of a breach caused solely by NRS or its subcontractors and that requires notice to individuals, NRS will reimburse Harbin Clinic for costs related to providing such notice.

13. In the BAA, NRS agreed to indemnify, defend, and hold harmless Harbin Clinic against any and all claims, liabilities, costs, expenses, or damages (including reasonable attorneys' fees) arising from or relating to NRS's breach of unsecured PHI, NRS's breach of the BAA, and/or NRS's negligence in the performance of its HIPAA duties and obligations.

**C.   The Incident**

14. In July 2024, NRS discovered suspicious activity related to its information technology systems, resulting in unauthorized access to the NRS network between July 5, 2024 and July 11, 2024 (the "**Incident**"). During the Incident, certain files and folders were illegally copied from NRS's systems by someone without authorization.

15. In February 2025, NRS notified Harbin Clinic that information from Harbin Clinic's patients may have been present on the impacted systems, but it was not yet able to identify which individuals had been impacted.

16. On March 20, 2025, NRS provided a list of individuals whose information may have been impacted by the Incident and the types of information that may have been impacted.

17. Harbin Clinic's systems were not affected by the Incident, but immediately upon learning from NRS that Harbin Clinic's patients' data may have been impacted, Harbin Clinic took steps to address the situation, including blocking NRS's access to its systems and conducting a review of its own systems.

18. Harbin Clinic provided notice to impacted patients of the breach of their data within sixty days of learning of the Incident. It also provided required notice to state and federal agencies regarding the breach.

**D.   The Action**

19. Harbin Clinic has been named as a defendant in the above-captioned putative class action lawsuit ("**Action**") filed by Plaintiff, individually and on behalf of all others similarly situated, alleging that Harbin Clinic failed to implement adequate data security measures to protect patient information.

20. Attached hereto as **Exhibit A** are copies of all pleadings filed in this Action.

## Count I
## Indemnification

21.     Harbin Clinic restates and realleges paragraphs 1 through 20 as if fully set forth herein.

22.     The Incident was a direct result of NRS's failure to implement adequate and reasonable cybersecurity procedures and protocols necessary to protect individuals' private information.

23.     Under the Collection Agreement and the BAA, NRS has a contractual obligation to indemnify, defend, and hold harmless Harbin Clinic for any claims, liabilities, costs, expenses, or damages (including reasonable attorneys' fees) arising from the Incident and this Action.

24.     By reason of the foregoing, NRS is liable to Harbin Clinic for any and all liabilities, costs, expenses, or damages incurred by Harbin Clinic as a result of the Incident and this Action.

## Count II
## Contribution

25.     Harbin Clinic restates and realleges paragraphs 1 through 24 as if fully set forth herein.

26.     While Harbin Clinic denies any and all liability to Plaintiff in this Action, in the event it is determined that Harbin Clinic is required to make any payment to Plaintiff, then Harbin Clinic will be entitled to contribution from NRS due to NRS's liability as described above.

## **Prayer for Relief**

WHEREFORE, Harbin Clinic respectfully requests:

A.  That it have a trial by jury on all issues allowed by law;

B.  That the Court enter judgment in favor of Harbin Clinic and against NRS on all counts;

C.  That the Court award Harbin Clinic pre-judgment and post-judgment interest as allowed by law;

D.  That all of Harbin Clinic's costs and attorneys' fees be awarded and taxed against NRS; and

E.  Such other and further relief as the Court deems just and proper.

This the 20th day of June, 2025.

        **ROBINSON, BRADSHAW & HINSON, P.A.**

        /s/ Patrick H. Hill
        Patrick H. Hill (GA Bar No. 153000)
        Jonathan C. Krisko (*pro hac vice forthcoming*)
        600 South Tryon Street, Suite 2300
        Charlotte, North Carolina 28202
        Telephone: (704) 377-2536
        phill@rbh.com
        jkrisko@rbh.com

Preetha Suresh Rini (*pro hac vice forthcoming*)
434 Fayetteville Street, Suite 1600
Raleigh, North Carolina 27601
Telephone: (919) 239-2600
prini@rbh.com

*Attorneys for Defendant/Third Party Plaintiff Harbin Clinic, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing using the Court's electronic filing system and served a copy by e-mail on the following counsel of record, all of whom have consented to e-mail service in this action:

>Ra O. Amen
>MASON LLP
>85335 Wisconsin Avenue, NW, Suite 640
>Washington, DC 20015
>ramen@masonllp.com

This 20th day of June, 2025.

>s/ Patrick H. Hill
>Patrick H. Hill
>GA Bar No. 153000